UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
UNITED STATES OF AMERICA

-v-

JOSEPH DELHALL

---------------------------------x

** RE-SENTENCING **
JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-03-549 (ARR)
DOUGLAS G. MORRIS, ESQ
16 COURT STREET, 3rd FL.
BROOKLYN, NEW YORK 11241
Defendant's Attorney & Address

THE DEFENDANT:
XXX pleaded guilty to count one of the indictment.
___ was found guilty on counts                        after a plea of not guilty.
Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 8 USC 1326(a) & (b)(2) | ILLEGAL RE-ENTRY FOLLOWING DEPORTATION. | ONE (1) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s)                       and is discharged as to such count(s).
___ Remaining counts are dismissed on the motion of the United States.
XXX It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # ___-__-____

Defendant's Date of Birth 11/22/55

Defendant's Mailing Address:

27 WARTERLOO ROAD

KINGSTON, JAMAICA

Defendant's Residence Address:

( SAME AS ABOVE )

JANUARY 17 2006
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

JANUARY 17 2006
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____

DEPUTY CLERK

Defendant: JOSEPH DELHALL
Case Number: CR-03-549(ARR)

Judgment - Page        of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of forty six (46) months.

__XXX__  The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFT BE HOUSED IN A FACILITY IN THE METROPOLITAN AREA.

___  The defendant is remanded to the custody of the United States Marshal.
___  The defendant shall surrender to the United States Marshal for this district,

   ___ at _____ a.m./p.m. on _____.
   ___ as notified by the Marshal.

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

   ___ before 12:00 noon on _____.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

                                   _____
                                   United States Marshal

                                   By_____

Defendant: JOSEPH DELHALL
Case Number: CR-03-549(ARR)

Judgment - Page      of

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.

2) DEFT SHALL NOT POSSESS ANY FIREARMS.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: JOSEPH DELHALL
Case Number: CR-03-549 (ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: JOSEPH DELHALL
Case Number: CR-03-549(ARR)                    Judgment - Page     of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00 , consisting of a fine of $ N/A and a special assessment of $ 100.00 .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX**  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

    ___ The interest requirement is waived.
    ___ The interest requirement is modified as follows:

THE COURT: Okay. As set forth in my prior order in this case following the Circuit's remand of the case for further proceedings in conformity with United States v. Crosby, and after reviewing the defendant's motion for resentence and reply papers and the Government's opposition to the defendant's motion and defendant's original pre-sentence reports and all materials submitted in connection with his original sentence and the transcript of the sentencing proceeding, I determined that under the current sentencing scheme, I would impose on Mr. Delhall a sentence nontrivially different from the 57 months' incarceration that I imposed assuming the guidelines to be mandatory.

Although invited to do so, if they wished, the parties have not found it necessary to further supplement the record for this sentencing proceeding.

In resentencing the defendant, under Section 3553(a) I have, of course, considered the guidelines as found by the defendant's original pre-sentence report, his adjusted offense level of 21 and Criminal History Category of IV calls for a guideline sentence of 57 to 71 months imprisonment. Although defendant originally sought a downward departure under the guidelines on the ground that Criminal History Category IV substantially overstated the seriousness of defendant's criminal history, he no longer

seeks a guidelines departure.

Rather, defendant requests a non-guidelines sentence below the advisory guideline range. His principal contention is that under the Sentencing Reform Act, specifically, subdivision (6) of Title 18 United States Code Section 3553(a), a sentence more lenient than that called for by the now-advisory guidelines is necessary to avoid creating an unwarranted disparity with the sentences received by illegal reentry defendants arrested and charged in so-called "fast track" districts.

Fast track programs were originally designed to accelerate dispositions in certain border districts burdened by high volumes of illegal reentry cases. These included the Northern, Central, Easter and Southern Districts of California, the Tuscon, Phoenix, and Yuma Divisions of the District of Arizona, the District of New Mexico, and the Southern and Western Districts of Texas. Although initially operated in such border districts, fast track programs have been since extended to non-border districts, specifically, the Districts of Idaho, Nebraska, North Dakota, and Oregon. In all of the districts, defendants who agree to enter prompt guilty pleas to illegal reentry offenses and forfeit certain other procedural rights are accorded a reduction in sentence, which in some districts may be substantial. Although some

of these districts implement the lower sentence by charge bargains to lesser offenses, most do so by downward departures of 1 to 4 offense levels, depending upon the particular district policy and the circumstances of the individual defendant.

Defendant contends that imposition of a sentence that fails to account for disparities between fast track and non-fast track districts such as the Eastern District of New York subverts the statutory mandate that sentences imposed consider "the need to avoid unwarranted sentencing disparities." That's section 3553(a)(6). Defendant argues that when offenders may be distinguished solely by the district of their arrest, significant differences in sentencing cannot be legitimate. Quoting Judge Kaplan in his opinion in United States v. Bonnet-Grullon, 53 F. Supp. 2d 430.435 (Southern District of New York 1999), he observes that "it is difficult to imagine a sentencing disparity less warranted that one which depends upon the accident of the judicial district in which defendant happens to be arrested." Counsel also cites the Sentencing Commission's own recognition that fast track programs created geographical disparities that "appears to be at odds with the overall Sentencing Reform Act goal of reducing unwarranted sentencing disparity among similarly-situated offenders." Sentencing Commission

Report to Congress at 67.

The Government resists any sentencing adjustment in this case based on a recognition of the differences in the length of sentences imposed in fast track and non-fast track districts.

At the outset, the Government assumes arguendo that the defendant is correct in arguing that sentencing disparities between fast track districts and non-fast track districts should not be allowed to persist in light of Title 18 United States Code Section 3553(a)(6).

Nonetheless, the defendant argues principally that courts may not properly intrude upon the charging and departure decisions of prosecutors which are committed to a prosecutor's traditional discretion;

Secondly, that such disparities should be eliminated not by judicial consideration of this statutory sentencing factor in non-fast track districts but by government elimination of fast track programs;

And, third, that it would be inappropriate in this case to consider the statutory factor concerning sentencing disparities because that factor is outweighed by what the Government characterizes as defendant's "particularly egregious" criminal history.

I am not persuaded by the Government's arguments.

At the outset, although the Government asserts that it assumes that fast track sentencing disparities should not be allowed to persist in light of 3553(a)(6), as the Government appears to acknowledge, the Court is obligated to determine a "reasonable" sentence based on the statutory sentencing factors. Subdivision (a)(6) explicitly directs courts in assessing an appropriate sentence to consider, among other factors, "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." Thus, as concluded by Judge Kaplan in his oral opinion in <u>United States v. Krukowski</u>, 04-CR-1309 (Southern District of New York July 25, 2005), the "text of the Sentencing Reform Act strongly suggests that the measure of whether a disparity is warranted depends upon the characteristics of the defendants that their conduct."

The Government's principal argument -- that any adjustment of the disparity improperly thwarts prosecutorial discretion -- elides the premise that the Government has assertedly assumed to be true. No one disputes that the Department of Justice is free to bring charges or not, plea bargain with those charged, and agree to downward departures or other arrangements designed to induce guilty pleas. But, as the Court wrote in <u>United</u>

Anthony D. Frisolone, CSR, RMR, CRR, CRI
Official U.S. District Court Reporter

States v. Peralta-Espinoza, 383 F. Supp. 2d 1107, 1110 Eastern District of Wisconsin 2005), "[A] Court's reduction of a defendant's sentence based on fast track disparity violates none of these prerogatives. Such a reduction is a sentencing issue and sentencing is primarily a judicial function. Prosecutors decide the charge, but courts must consider Section 3553(a)(6), regardless of the prosecutor's sentencing recommendation." Significantly, too, most of these fast track schemes are implemented by sentencing departures rather than charge bargains to lesser offenses. In departure districts, the resulting of lower sentences are thus judicially imposed.

Nor does the Second Circuit's opinion in United States v. Bonnet-Grullon, 212 F.3d 692 (Second Circuit 2000), suggests that, in the circumstances of this case, the Circuit would reach a contrary conclusion. There, the circuit, pre-Booker, addressed the propriety of a departure under the sentencing guidelines. It held that a downward departure based upon a non-fast track sentencing disparity was not authorized by the guidelines because the circumstances upon which the application was based had been specifically considered and rejected by the Sentencing Commission, thus eliminating any basis for a guidelines departure. The guidelines are now advisory only, and no guidelines departure is under consideration

with respect to defendant's complaint of an unwarranted sentencing disparity. Rather, in fashioning an appropriate sentence in the case of the defendant before me, I am obligated to consider the provisions of Section 3553(a)(6) among the other statutory factors. The "fundamental reasoning underlying <u>Bonnet-Grullon</u>" is not that prosecutorial discretion to create disparities by fast track programs trumps the duty incumbent upon judges to adhere to the sentencing statute in fashioning a sentence. <u>Bonnet-Grullon</u> concerned solely the propriety of a downward departure under the then mandatory guidelines scheme.

More unpersuasive is the Government's argument that whatever disparities exist "should be eliminated by sentencing defendants in fast track districts to the higher sentences that they would have received in the non-fast track districts, rather than the other way around." Quite simply, the Court is constrained <u>in this case</u> to adhere to the dictates of the sentencing statute including the requirement that it impose a sentence that will "avoid unwarranted sentencing disparities..." Section 3553(a)(6). I simply cannot rely upon the Government to take actions that may or may not achieve that result in future cases.

The Government is correct that consideration of

sentencing disparities is but one factor to consider in determining an appropriate sentence under Section 3553. No doubt, too, there are cases in which, notwithstanding undue disparities, the significance of other sentencing factors militating for a longer sentence is so great as to outweigh the need to avoid undue disparities among defendants occasioned by the happenstance of the district in which they are prosecuted. But I disagree with the Government that the undue disparity factor here is wholly offset by the history and characteristics of the defendant -- particularly, the defendant's criminal history.

It is true that for reasons I expressed at sentence, I rejected the argument that Criminal History Category IV overstated the seriousness of defendant's criminal history and I am still of the view that this provides no basis for a downward departure under the guidelines.

Nonetheless, I do not believe that factor is so aggravating in this case as to preclude some recognition of the need to adjust the sentence to avoid unwarranted disparities.

At the original sentencing, defense counsel was correct in his argument that his client's criminal conduct, apart from the illegal reentry, was, by that

1    time, remote, having concluded some 15 years before.  It
2    is true that defendant was on absconder status having
3    failed to surrender for service of his 1986 sentence.  But
4    that continuing failure to surrender is not comfortably
5    equated with persistent, repeated criminal activity.
6    Moreover, defendant was not apprehended after his reentry
7    because of the commission of any further criminal conduct;
8    nor does the record indicate any affirmative criminal
9    conduct -- again, apart from the reentry -- engaged in by
10   defendant since 1989.  Accordingly, I am now inclined to
11   agree with defense counsel that the circumstances of
12   defendant's criminal history may suggest a lesser
13   likelihood of recidivism than many, if not most,
14   defendants in Criminal History Category IV.  In any event,
15   defendant's likelihood of recidivism and need for
16   deterrence is surely no greater than defendants typically
17   within that category.  Nor is this conclusion altered by
18   the fact that defendant, now over 50 years of age, when he
19   was between the ages of 24 and 27, committed a series of
20   marijuana infractions for which he was fined and a
21   possessory offense for which he received three years
22   probation.  Without impugning the seriousness of his
23   conduct, it occurred between 22 and 25 years ago, and does
24   not so aggravate the severity of defendant's past
25   criminality or the risk of future recidivism as to warrant

1 disregard of the statutory requirement that I consider the
2 need to avoid unwarranted sentencing disparities.
3 Notably, based on the Government's description
4 of the various fast track districts employing a departure
5 scheme for sentencing illegally reentering aliens (as
6 opposed to a charge-bargain program), all call for a
7 sentencing reduction in cases analogous to the
8 defendant's -- that is, a total offense level of 21,
9 Criminal History Category IV -- of between 2 and 4 levels.
10 In those jurisdictions, defendants would face sentencing
11 ranges of 46 to 57 months, 41 to 51 months, or 37 to
12 46 months. Thus, adjusting defendant's sentence to
13 account for what I view as an unwarranted sentencing
14 disparity must entail no more lenient a sentence than
15 would be accorded in those districts.
16 Taking into consideration the sentencing factors
17 enumerated in Section 3553(a), and most particularly the
18 advisory guidelines, the circumstances and seriousness of
19 the offense, the history and characteristics of the
20 defendant, the need for the sentence to reflect the
21 seriousness of the offense and impose just punishment and
22 to ensure deterrence and protect the safety of the public
23 and deter recidivism. I am persuaded that a sentence of
24 46 months is sufficient but no more severe than necessary
25 to effect the goals of sentencing.